**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Jose Argueta Palma, on behalf of himself and all other persons similarly situated, | |
| Plaintiff, | DOCKET NO. 20-cv-6715 |
| - vs. – | **COMPLAINT** |
| J. Schenkman Landscape Contractors, Inc. and Joel Schenkman, | |
| Defendants. | |

Plaintiff Jose Argueta Palma, by and through his undersigned attorneys, for his complaint against defendants J. Schenkman Landscape Contractors, Inc. and Joel Schenkman, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

**NATURE OF THE ACTION**

1.  Plaintiff Jose Argueta Palma alleges on behalf of himself and on behalf of other similarly situated current and former employees of defendants J. Schenkman Landscape

Contractors, Inc. and Joel Schenkman, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.   Mr. Argueta Palma further complains that he is entitled to (i) compensation for wages paid at less than the statutory New York minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) liquidated damages pursuant to New York Labor Law for these violations; and (iv) statutory damages for defendants' violation of the Wage Theft Prevention Act.

3.   Mr. Argueta Palma further complains that he is entitled to compensation for lost wages as a result of defendants' unlawful retaliation against him for asserting his rights under the Fair Labor Standards Act and New York Labor Law.

## THE PARTIES

4.   Jose Argueta Palma is an adult individual residing in Spring Valley, New York.

5.   Mr. Argueta Palma consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

6.   Upon information and belief, defendant J. Schenkman Landscape Contractors, Inc. ("J. Schenkman") is a New York corporation with a principal business address of 2 Elath St., New City, New York.

7.   At all relevant times, defendant J. Schenkman Landscape Contractors, Inc. has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

8.   Upon information and belief, at all relevant times, defendant J. Schenkman has had gross annual revenues in excess of $500,000.00.

9.   Upon information and belief, at all relevant times herein, defendant J. Schenkman has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

10.   Upon information and belief, at all relevant times, defendant J. Schenkman has constituted an "enterprise" as defined in the FLSA.

11.   Upon information and belief, defendant Joel Schenkman is an owner or part owner and principal of defendant J. Schenkman, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

12.   Defendant Joel Schenkman was involved in the day-to-day operations of defendant J. Schenkman and played an active role in managing the businesses.

13.   For example, defendant Joel Schenkman hired and fired Mr. Argueta Palma, set his wages and schedule, supervised him on a daily basis, and paid him each week.

14.   Defendants constituted "employers" of Mr. Argueta Palma as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

15.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Argueta Palma's state law claims pursuant to 28 U.S.C. § 1367.   In addition, the Court has jurisdiction over plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

17.   Pursuant to 29 U.S.C. § 207, Mr. Argueta Palma seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since August 19, 2017, to the entry of judgment in this case (the "Collective Action Period"), who were landscapers, and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

18.   The Collective Action Members are similarly situated to Mr. Argueta Palma in that they were employed by defendants as non-exempt landscapers, and were denied premium overtime pay for hours worked beyond forty hours in a week.

19.   They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

20.   Mr. Argueta Palma and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

21. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

22. At all relevant times herein, defendants owned and operated a landscaping business in Rockland County, New York.

23. Mr. Argueta Palma was employed at J. Schenkman from approximately 2010 through 2017, and then again from June through August 2020.

24. Mr. Argueta Palma was employed as a landscaper.

25. Mr. Argueta Palma's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

26. At all relevant times herein, Mr. Argueta Palma was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

27. During Mr. Argueta Palma's first stint of employment at J. Schenkman, he worked roughly eight months each year, with the winter months of November through February being the off season in which he worked only sporadically.

28.  For the rest of the year, he worked a regular schedule of six days per week, working every day except Sunday.

29.  Mr. Argueta Palma regularly worked roughly 13½ hours per day on weekdays, and 8½ on Saturdays; thus, during his first stint working for defendants, he was working a total of about 76 hours per week.

30.  During Mr. Argueta Palma's second stint with the company, he worked only five days per week — weekdays only.

31.  As a result, he was working about 67½ hours per week.

32.  Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

33.  Mr. Argueta Palma was paid a salary throughout his employment.

34.  During his first stint of employment, he was paid $690 per week.

35.  During his second stint, in 2020, he was paid $600 per week.

36.  For roughly the first four years of his employment, through 2014, Mr. Argueta Palma was paid solely in cash.

37.  Commencing in 2015, Mr. Argueta Palma was paid by a combination of cash and check each week.

38.   When Mr. Argueta Palma was paid solely in cash, he received no paystubs or wage statements of any sort with his pay.

39.   When Mr. Argueta Palma was paid by a combination of check and cash, he received paystubs for the check portion of his pay only.   The paystubs, however, did not reflect the cash payments that he received, and they described his pay as "salary," not identifying the regular or overtime hours that he worked.

40.   The amount of pay that Mr. Argueta Palma received did not vary based on the precise number of hours that he worked in a day or week.

41.   As a result, Mr. Argueta Palma's effective rate of pay was below the statutory New York minimum wage in effect since 2017.

42.   Defendants' failure to pay Mr. Argueta Palma amounts at least equal to the New York state minimum wage in effect during relevant time periods was willful, and lacked a good faith basis.

43.   In addition, defendants failed to pay Mr. Argueta Palma any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

44.   Defendants' failure to pay Mr. Argueta Palma the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

45.   Indeed, after Mr. Argueta Palma complained in August 2020 that he was not being paid overtime, defendants immediately terminated his employment.

46.   Mr. Argueta Palma generally worked five shifts per week that lasted in excess of ten hours per day from start to finish, yet defendants willfully failed to pay him one additional hour's pay at the minimum wage for each day he worked such shifts, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

47.   Defendants failed to provide Mr. Argueta Palma with a written notice, in his primary language of Spanish, providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, his regular and overtime rates, and intended allowances claimed – and failed to obtain his signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act.

48.   Defendants failed to provide Mr. Argueta Palma with accurate weekly records of his regular and overtime

compensation and hours worked, in violation of the Wage Theft Prevention Act.

49.   Upon information and belief, throughout the period of Mr. Argueta Palma's employment and continuing until today, defendants have likewise employed other individuals like plaintiff (the Collective Action Members) in positions at defendants' landscaping company that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

50.   Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

51.   Upon information and belief, at times defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the New York Labor Law.

52.   Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

53. Upon information and belief, when these other individuals worked shifts that lasted in excess of ten hours per day from start to finish, defendants willfully failed to pay them one additional hour's pay at the minimum wage for each day they worked such shifts, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

54. Upon information and belief, these other individuals were not provided with required wage notices, or compliant weekly wage statements, as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

55. Upon information and belief, while defendants employed Mr. Argueta Palma and the Collective Action Members and throughout all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

56. Upon information and belief, while defendants employed Mr. Argueta Palma and the Collective Action Members and through all relevant time periods, defendants failed to post or keep posted notices explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (New York Labor Law – Minimum Wage)

57. Mr. Argueta Palma repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

58. At all relevant times, Mr. Argueta Palma was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

59. Defendants willfully violated the rights of Mr. Argueta Palma by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

60. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

61. Due to defendants' New York Labor Law violations, Mr. Argueta Palma is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT II

### (Fair Labor Standards Act - Overtime)

62.  Mr. Argueta Palma, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

63.  At all relevant times, defendants employed Mr. Argueta Palma and each of the Collective Action Members within the meaning of the FLSA.

64.  At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

65.  As a result of defendants' willful failure to compensate their employees, including Mr. Argueta Palma and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

66.  The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

67.   Due to defendants' FLSA violations, Mr. Argueta Palma and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### (New York Labor Law - Overtime)

68.   Mr. Argueta Palma repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

69.   At all relevant times, Mr. Argueta Palma was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

70.   Defendants willfully violated the rights of Mr. Argueta Palma by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 142.

71.   Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

72.   Due to defendants' New York Labor Law violations, Mr. Argueta Palma is entitled to recover from defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (New York Labor Law – Spread of Hours)

73.   Mr. Argueta Palma repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

74.   At all relevant times, Mr. Argueta Palma was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

75.   Defendants willfully violated Mr. Argueta Palma's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked shifts lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 *et seq*. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

76.   Defendants' failure to pay the "spread of hours" premium was willful within the meaning of New York Labor Law § 663 and supporting regulations.

77.   Due to defendants' New York Labor Law violations, Mr. Argueta Palma is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## COUNT V

## (New York Labor Law – Wage Theft Prevention Act)

78.   Mr. Argueta Palma repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

79.   At all relevant times, Mr. Argueta Palma was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

80.   Defendants willfully violated the rights of Mr. Argueta Palma by failing to provide him with the wage notice required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

81.   Defendants willfully violated the rights of Mr. Argueta Palma by failing to provide him with compliant weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

82.   Due to defendants' New York Labor Law violations relating to the failure to provide compliant paystubs, Mr. Argueta Palma is entitled to recover from the defendants

statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of his employment, up to the maximum statutory damages.

83. Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Argueta Palma is entitled to recover from the defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of his employment, up to the maximum statutory damages.

<u>**COUNT VI**</u>

<u>**(FLSA - Retaliation)**</u>

84. Mr. Argueta Palma repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

85. At all relevant times, defendants employed Mr. Argueta Palma within the meaning of the FLSA.

86. Mr. Argueta Palma attempted to enforce his rights to overtime under the FLSA by complaining about defendants' failure to pay him overtime.

87. Mr. Argueta Palma's actions were protected activity under the FLSA.

88. Defendants then retaliated against Mr. Argueta Palma by terminating his employment after he complained about not being paid overtime.

89.  By engaging in the retaliatory acts alleged herein, the defendants retaliated against Mr. Argueta Palma, discriminated against him, and penalized him in violation of the FLSA, 29 U.S.C. § 215(a)(3).

90.  Defendants' violation of the FLSA's anti-retaliation provisions was willful.

91.  Mr. Argueta Palma has suffered damages, including but not limited to emotional distress damages and lost wages as a result of the defendants' retaliation.

92.  Mr. Argueta Palma is entitled to equitable relief, reinstatement, monetary relief, including but not limited to compensatory and other damages, reasonable attorneys' fees and costs, punitive damages, and other appropriate relief.

<u>**COUNT VII**</u>

<u>**(NYLL – Retaliation)**</u>

93.  Mr. Argueta Palma repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

94.  At all relevant times, Mr. Argueta Palma was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

95.  Mr. Argueta Palma attempted to enforce his rights to overtime under the NYLL by complaining about defendants' failure to pay him overtime.

96.   Mr. Argueta Palma's actions were protected activity under the NYLL.

97.   Defendants then retaliated against Mr. Argueta Palma by terminating his employment after he complained about not being paid overtime.

98.   By engaging in the retaliatory acts alleged herein, the defendants retaliated against Mr. Argueta Palma, discriminated against him, and penalized him in violation of the NYLL § 215.

99.   Defendants' violation of the NYLL's anti-retaliation provisions was willful.

100.  Mr. Argueta Palma has suffered damages, including but not limited to emotional distress damages and lost wages as a result of the defendants' retaliation.

101.  Mr. Argueta Palma is entitled to equitable relief, reinstatement, monetary relief, including but not limited to compensatory and other damages, reasonable attorneys' fees and costs, punitive damages, and other appropriate relief.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Mr. Argueta Palma respectfully requests that this Court grant the following relief:

   a.  Designation of this action as a collective action on behalf of the Collective Action Members and

19

prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Mr. Argueta Palma and his counsel to represent the Collective Action members;

b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.  An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.  Compensatory damages for failure to pay the minimum wage pursuant to the New York Labor Law;

f.  An award of compensatory damages as a result of defendants' failure to pay the spread of hours premium payment pursuant to New York Labor Law;

g.  An award of liquidated damages as a result of defendants' willful failure to pay statutory overtime compensation pursuant to 29 U.S.C. § 216;

h.  Liquidated damages for defendants' New York Labor Law violations;

i.  Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

j.  Back pay;

k.  Equitable relief including reinstatement;

l.  Front pay;

m.  Damages for emotional distress;

n.  Punitive damages;

o.  An award of prejudgment and postjudgment interest;

p.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

q.  Such other, further, and different relief as this Court deems just and proper.

Dated:  August 19, 2020

_____
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
Attorneys for Plaintiff

Individually and on behalf of
others similarly situated

# EXHIBIT A

DocuSign Envelope ID: 6207AE22-7A96-4166-BEA3-4A81BE66C05A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of J. Schenkman Landscape Contractors, Inc. and its owners and affiliates to pay me, inter alia, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de J. Schenkman Landscape Contractors, Inc. y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

_____
Jose Argueta Palma

Date:  August 13, 2020   8/13/2020